```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

```
RICHARD TALMADGE              :
                              :
                              :
V.                            :      CIV. NO. 3:11cv1239 (WWE)
                              :
STAMFORD HOSPITAL             :
                              :
```

RULING ON DEFENDANT'S MOTIONS TO COMPEL [DOC. ## 22, 25]

Defendant Stamford Hospital moves to compel plaintiff Richard Talmadge to produce (1) a signed medical authorization to permit defendant to obtain complete copies of plaintiff's medical records from plaintiff's various treatment providers and (2) evidence that plaintiff traveled to the Philippines in October 2010. The Court heard oral argument on May 31, 2012 and, for the reasons set forth herein, defendant's motions [doc. ## 22, 25] are GRANTED.

Standard of Review

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed.R.Civ.P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Medical Authorizations and Subsequent Employment Records

Plaintiff alleges the he was denied employment by Stamford Hospital on account of his history of substance abuse, in violation of the Americans with Disabilities Act and the Connecticut Fair Employment Practices Act. Plaintiff also asserts a claim for emotional distress.

Defendant requested medical authorizations for the release of plaintiff's treatment record at Haven, where plaintiff underwent substance abuse treatment; from Dr. Gale Levin of the Waynik Group, Michael Reitman and Griffin Hospital, where plaintiff attended anger management counseling and outpatient drug treatment. Plaintiff resists, arguing that these records can be obtained via subpoena and that, in any event, certain providers have indicated that they would not disclose the records even with an authorization.

The medical records sought by defendant are discoverable in light of plaintiff's claims that he suffered emotional distress and that he is disabled as defined by the ADA. Absent an authorization, medical providers are prohibited from disclosing patient medical records under state and federal privacy laws.[1] Defendant shall provide plaintiff with draft medical authorizations for the aforementioned providers within 7 days of this ruling and plaintiff shall provide defendant with the signed medical authorizations

---

[1] Whether the medical providers intend to produce the documents or not is beyond the scope of the motion to compel and does not relieve plaintiff of his obligation to provide the proper signed authorizations.

within 7 days of receiving them from defendant. Plaintiff is cautioned that failure to comply with the order could result in the imposition of sanctions, up to and including dismissal of his complaint.

Further, the Court finds that subsequent employment records regarding plaintiff's salary, benefits, date of hire and duration of employment are discoverable. Plaintiff shall provide defendant with these documents within 7 days of this ruling, if they have not already been provided.

Proof of Travel to Philippines

During plaintiff's interview for employment at Stamford Hospital, he allegedly requested that his start date be delayed to accommodate a family trip to the Philippines. Based on an EEOC Memorandum and letters from Haven, defendant suspects that plaintiff was not authorized to work for at least two months after he was interviewed. Defendant argues that proof that plaintiff traveled to Philippines is directly relevant to his truthfulness during the interview process. Plaintiff counters that evidence of the trip is unduly burdensome and a fishing expedition. The Court disagrees with both arguments. As stated at oral argument, for example, a copy of a passport stamp would satisfy the defendant, and can hardly be deemed burdensome. As such, defendant's motion to compel documents evidencing plaintiff's trip to the Philippines [doc. #25] is

GRANTED.

Conclusion

Accordingly, defendant's motions to compel [doc. ##22, 25] are **GRANTED**. Defendant shall provide plaintiff with the medical authorizations to be signed by plaintiff within 7 days of this Ruling. Plaintiff shall sign and return the medical authorizations to defendant within 7 days of receiving them. Plaintiff shall provide defendant within 7 days of this ruling with evidence of his trip to the Philippines. Alternatively, plaintiff shall provide defendant with an affidavit attesting that there is no documentary evidence relating to his trip to the Philippines.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 31st day of July 2012.

                                  /s/
                            HOLLY B. FITZSIMMONS
                            UNITED STATES MAGISTRATE JUDGE